UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SF ENTITIES INC.**, <br><br> Plaintiff, <br><br> ~ *versus* ~ <br><br> **DAVID GAMBURG**; *and* <br> **COVA LABORATORIES LLC**, <br><br> Defendants. | Case No. __1:23-cv-04881__ <br><br><br> **ORIGINAL COMPLAINT** |

**COMES NOW** the Plaintiff **SF ENTITIES INC.**, by and through their counsel, **Baruch S. Gottesman, Esq.**, of GOTTESMAN LEGAL PLLC with their Original Complaint against the Defendants **DAVID GAMBORG** and **COVA LABORATORIES LLC** and does respectfully allege as follows:

### A.    NATURE OF THE CASE

1.    **SF ENTITIES INC.** is a closely held New York Corporation owned fully by Solomon Fraser.  It is a Freelance Worker at Defendants' COVID testing facility in Brooklyn.

2.    Mr. Fraser put in months of work collecting medical specimens and maintaining strict safety and security protocols, all done in order to facilitate COVID testing for thousands of his fellow New Yorkers.

3.    Mr. Fraser's extraordinary efforts in furtherance of the public health as Defendants' Freelance Worker, took all of his time and required him to pass up significant work opportunities because of the time necessary to make the testing center a success.

4. This Spring, Plaintiff issued a final invoice to the Defendants which payment was due on April 17, 2023.

5. Defendants acknowledged receipt of the invoice, acknowledged their obligation to pay, and even proposed a potential payment schedule (which they failed to honor).

6. Nevertheless, in violation of their Agreement and the Defendants' contractual and statutory obligations the Defendants refused to pay Plaintiff.

7. Plaintiff has endeavored to resolve this matter directly and amicably, including two rounds of Demand Letters that put Defendants on notice of the Plaintiff's intent to bring suit if this matter is not resolved. Defendants refused to comply with their obligations.

8. Left within no other option, the Plaintiff now seeks judicial intervention in the nature of a judgment in favor of Plaintiff and against each of the Defendants jointly and severally in the amount of not less than two hundred and seven thousand, six hundred and thirty-nine dollars and thirty-eight cents ($207,639.38), plus statutory interest from June 29, 2023 through the date of the entry of the Judgment, statutory interest from the date of entry of Judgement through actual payment, together with legal fees, as provided under FIFA and other relevant law.

### A. PARTIES

*i. Plaintiff SF Entities Inc.:*

9. At all times relevant to this Original Complaint, **Plaintiff SF ENTITIES INC.** was a Business Corporation organized and existing under New York. Its principal place of business was and remains at Brooklyn here in the County of Kings within the territory of the Eastern District of New York.

10. Where appropriate in this Original Complaint, SF Entities Inc. is referred to as the "**Plaintiff**".

11. The Agreements and unpaid Freelance Worker Invoices at issue in this Original Complaint were by and between the Defendants and the Plaintiff as the corporate entity "SF Entities Inc."

12. SF Entities Inc. is a "Freelance Worker" since it is an organization composed of not more than one natural person which is incorporated and operates solely as a vehicle for Non-Party Solomon Fraser to personally act as a "Freelance Worker", as that term is defined pursuant to N.Y.C. ADMIN. CODE § 20-927 (Freelance Isn't Free Act, Definitions).

13. At no time was SF Entities Inc. a licensed medical professional, as defined by N.Y.C. ADMIN. CODE § 20-927(2.).

14. At no time was SF Entities Inc. capable of operating or allowed to operate a COVID testing facility other than as a Freelance Worker on behalf of Defendants.

15. At all times relevant to this Original Complaint, SF Entities Inc. was a citizen of, maintained its headquarters within, and engaged in all its activities in the State of New York; and not in any other State. At no time was SF Entities Inc. a citizen of New Jersey.

### ii. *Non-Party Solomon Fraser:*

16. **Non-Party SOLOMON FRASER** is a natural person resident at Brooklyn, in the Kings County and the territory of the Eastern District of New York.

17. At all times relevant to this Original Complaint, Fraser was the sole owner of SF Entities, Inc., and acted through SF Entities Inc. to provide the freelance work at issue in this Original Complaint.

18. Where appropriate in this Original Complaint, Solomon Fraser is referred to as "Fraser" and by the pronouns he/him.

19. At no time was Fraser a licensed medical professional, as defined by N.Y.C. ADMIN. CODE § 20-927(2.).

20. At no time was Fraser capable of operating or allowed to operate a COVID testing facility other than as a Freelance Worker on behalf of Defendants.

iii.    *Defendants David Gamburg and Cova Laboratories LLC:*

21. **Defendant DAVID GAMBURG** is a natural person who, upon information and belief, is resident at Bergen County in the State of New Jersey. Where appropriate in this Original Complaint, David Gamburg is referred to as "**Dr. Gamburg**" and the pronouns he/him, and together with Cova Laboratories LLC as "**the Defendants**".

22. Upon information and belief, Dr. Gamburg is licensed as a medical doctor in the State of New Jersey where he lives.

23. Upon information and belief, Dr. Gamburg was the sponsor, applicant and/or otherwise the responsible party for a New York State Department of Health, Clinical Laboratory Evaluation Program (CLEP) COVID Testing facility located at 240 Livingston Street, Brooklyn in the County of Kings within the territory of the Eastern District of New York.

24. At all times relevant to this Original Complaint, Dr. Gamburg was a Hiring Party, as defined under New York law and Plaintiff reported directly and only to Dr. Gamburg personally.

25. All of the Plaintiff's activities as a Freelance Worker were conducted solely at the express direction of Dr. Gamburg.

26. At all times relevant to this Original Complaint, Dr. Gamburg was a citizen of and resided in the State of New Jersey and not in any other State. At no time relevant to this Original Complaint was Dr. Gamburg a citizen of New York.

27. **Defendant COVA LABORATORIES LLC** is a sole-member limited liability company organized and existing under New Jersey whose principal place of business is at Bergen County in the State of New Jersey.

28. Upon information and belief, the sole member of Cova Laboraties is Dr. Gamburg.

29. Where appropriate in this Original Complaint, Cova Laboratories are referred to as "**Cova**" and together with Dr. Gamburg as "**the Defendants**".

30. A complete, true and accurate copy of the New Jersey Department of the Treasury Business Entity Information and Record for Cova Laboratories LLC showing its corporate status in New Jersey is annexed as **Exhibit A** to this Original Complaint and that Entity Information and Record and accompanying Certificate of Formation are incorporated in full by reference in this Original Complaint.

31. A complete, true and accurate copy of the New York State Department of State Division of Corporations entity search showing a null result of any "Cova Laboratories" authorized to conduct business in New York is annexed as **Exhibit B** to this Original Complaint and incorporated in full by reference.

32. Upon information and belief, Cova was the entity under which Dr. Gamburg sponsored and/or otherwise applied to participate in the creation of a CLEP COVID Testing facility located at 240 Livingston Street, Brooklyn in the County of Kings within the territory of the Eastern District of New York.

33. At all times relevant to this Original Complaint, Cova Laboratories LLC was a Hiring Party, as defined under New York law.

34. All of the Plaintiff's activities as a Freelance Worker were conducted solely as at the express direction of Dr. Gamburg on behalf of and in his role as the Sole Member of Cova Laboratories LLC.

35. At all times relevant to this Original Complaint, Cova Laboratories LLC and its sole member were citizens of, headquartered in and resided at the State of New Jersey and not in any other State. At no time relevant to this Original Complaint was Cova Laboratories LLC a citizen of New York.

### iii.    *Defendants' Co-Liability*

36. Each of Dr. Gamborg and Cova Laboratories LLC were individually and collectively the "Hiring Party" for purposes of N.Y.C. ADMIN. CODE § 20-927 (Freelance Isn't Free Act, Definitions).

37. Each of Gamburg and Cova Laboratories LLC face direct liability for their failure to pay the Plaintiff in violation of the Agreement and the Freelance Isn't Free Act and all of the torts described in this Original Complaint because each is a "Hiring Party".

38. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Original Complaint, each of Dr. Gamburg and Cova Laboratories LLC had express authority to act as each other's agents when they engaged in their transactions with the Plaintiff and failed to make the required payment to the Plaintiff.

39. Additionally upon information and belief, at all times relevant to the acts and omissions that gave rise to this Original Complaint, each of Dr. Gamburg and Cova Laboratories LLC were agents, representatives, co-venturers, and otherwise alter-egos of one another, and therefore liable for the torts of the other.

40. In addition, each of Dr. Gamburg and Cova Laboratories LLC are in possession of the full information about their relationship with one another and their co-liability. Plaintiff therefore respectfully reserves the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Defendants' relationship and co-liability for transactions with the Plaintiff and their failure to make the required payment to the Plaintiff.

### B. JURISDICTION AND VENUE

41. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the amount in dispute exceeds the sum of seventy-five thousand United States dollars ($75,000.00), exclusive of interest and costs.

42. In addition, there is complete diversity of citizenship between the Parties because the Plaintiff is a New York citizen that is incorporated, exists, and is headquartered exclusively in New York and not in any other State; and because the Defendant are a natural person and an LLC – the natural person and the sole member of the LLC being citizens of New Jersey and not of any State.

43. This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Laws and Rules § 301, et seq. and other relevant provisions of New York and Federal law because the Defendants regularly transact business in the State of New York, including the Agreement and operation of the COVID Testing Facility at issue in this Original Complaint.

44. Additionally, and in the alternative, the Defendants expressly consented in writing to the application of New York law to any dispute arising out of the Parties' agreement and has thereby consented to the disposition of any lawsuit arising from the Agreement before the Courts sitting at New York State, Services Agreement at ¶ 7.1.

45. A true and accurate copy of the Augusts 1, 2022 Services Agreement referenced in the prior paragraph is annexed as **Exhibit C** to this Original Complaint and incorporated in full by reference. **Exhibit C** has been redacted of personally identifying information, namely the Parties' signatures. All Parties are in possession of the unredacted version but to the extent it is necessary to do so, the Plaintiff will disclose the unredacted version of Exhibit C during discovery subject to an appropriate Confidentiality Order being entered to preserve the Personal Identifying Information of the Parties. The redactions described above have no impact with respect to the basis for the claims at issue in this Original Complaint.

46. Venue is proper here in the Eastern District of New York because the Defendants engaged in substantial business in Kings County, including but not limited to the solicitation of the Agreement at issue and the Plaintiff's provision of the freelance work to the Defendants in this District.

47. At no time have the Parties entered into any Arbitration Agreement or other agreement that includes a binding arbitration clause with respect to the issues raised in this Original Complaint.

48. At no time have the Parties entered into any Settlement Agreement addressing or compromising on the claims described in this Original Complaint. At an earlier point in time the Defendants admitted the April 2023 invoice was legitimate and proposed a

payment plan, but that ship has sailed and no final or binding agreement was agreed to by the Parties that limits the Defendants' liability or waives any claim by the Plaintiff.

49. The liability described in this lawsuit accrued at the earliest in January 2023, and no Statute of Limitations has expired with respect to any of the Causes of Action alleged in this Original Complaint.

50. Any and all conditions precedent to the filing of this suit have been satisfied.

### C. FACTUAL ALLEGATIONS

*i.  Solicitation of Plaintiff*

51. The Parties were not of equal bargaining power.

52. Plaintiff was a licensed medical doctor setting up a New York-State backed testing program that required its sponsor to be a licensed medical professional.

53. By contrast, the Plaintiff who is a Freelance Worker is a college-aged young person who relied on the Defendants' professionalism, agreements prepared by Defendants' counsel, and the Defendants' promises that they would be adhere to their contracts and promsies.

54. Nevertheless, to the best of the Plaintiff's ability, he read, reviewed and signed the "Services Agreement" and related "Business Associate Addendum" with Defendants.

55. A complete, true and accurate copy of the Services Agreement and Business Associate Addendum are annexed as Exhibit C and incorporated in full by reference in this Original Complaint.

56. The Parties further agreed in writing, and through their course of dealings that Defendants would pay Plaintiff a flat $35.00 payment for each collection kit that the Freelance Worker collected.

57. The Services Agreement expressly provides that Plaintiff would serve as a Freelance Worker, *See* Services Agreement at § 7.3; and the structure of the Agreement and nature of the parties' relationship was that of a Freelance Worker, as defined by the Freelance Isn't Free Act and other relevant provisions of New York law.

58. The Agreement provided that Plaintiff would operate Defendants' testing facility under the New York State Department of Health, Clinical Laboratory Evaluation Program on Defendants' behalf at 240 Livingston Street, Brooklyn in the County of Kings. At no time was Fraser a licensed medical professional, as defined by NEW YORK CITY ADMIN. CODE § 20-927(2.), and Plaintiff was neither capable nor allowed to operate the testing facility other than in his role as a Freelance Worker under Defendants' direct control.

### ii. *Submission and Non-Payment of Invoice*

59. In meticulous compliance with their obligations under the Services Agreement and related understandings between the Parties, the Plaintiff developed and operated the Defendants' patient service center.

60. As a Freelance Worker, Fraser collected medical specimens, maintained safety and security protocols, and facilitated COVID testing on Defendants' behalf for thousands of his fellow New Yorkers.

61. Plaintiff's extraordinary efforts in furtherance of the public health as Defendants' Freelance Worker took all of the Plaintiff's time and the Plaintiff passed up other significant work opportunities and expended funds to facilitate his freelance work and to make the testing center a success.

62. On April 10, 2023, Plaintiff issued a final invoice to the Defendants due on April 17, 2023.

63. Annexed as **Exhibit D** is complete, true and accurate copy of the April 10, 2023 invoice, which is incorporated by reference in full into this Original Complaint.

64. Defendants acknowledged receipt of the invoice.

65. Defendants acknowledged their obligation to pay the invoice.

66. Defendants did not object to the amount of the invoice in whole or in part.

67. Defendants proposed a payment schedule, but did not comply with its terms and any agreement reached with respect to the payment schedule was and remains null, void and without effect.

68. Months passed without any payment by the Defendants to the Plaintiff. As of the filing of this Original Complaint, no payment has been made on the April 10, 2023 invoice.

69. The invoice was due and payable on April 17, 2023.

70. As of the filing of this Original Complaint, the Defendants have not made their required payment of the April 10, 2023 Invoice.

**AS AND FOR THE FIRST CAUSE OF ACTION**
(Breach of Contract)
(Plaintiff against all Defendants)

71. Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

72. The Plaintiff had an agreement with the Defendants, that the Plaintiff would be paid the full amount of the Freelance Work that the Plaintiff performed.

73. Plaintiff performed all his obligations under the Services Agreement and related understandings between the Parties.

74. Plaintiffs activities pursuant to the Agreement were as a "Freelance Worker";

75. The Defendants failed to pay the Plaintiff the amounts that they owe for the Freelance Work.

76. As the direct and proximate result of the Defendants' acts and omissions, the Plaintiff suffered damages in an amount to be determined at trial, but in no event is less than two hundred and seven thousand, six hundred and thirty-nine dollars and thirty-eight cents ($207,639.38).

77. Each of the Defendants bear co-liability because each Defendant was a Hiring Party.

78. Each of the Defendants bear co-liability for the breach of contract by the other Defendant because, among other reasons, Defendants were agents, representatives, co-venturers, and otherwise alter-egos of one another.

**AND FOR THE SECOND CAUSE OF ACTION**
(Unjust Enrichment)
(Plaintiff against all Defendants)

79. Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully herein.

80. Defendants were enriched by Plaintiff's services in the amount of not less than two hundred and seven thousand, six hundred and thirty-nine dollars and thirty-eight cents ($207,639.38).

81. It would be against equity and good conscience to permit the Defendants to retain what the Plaintiff seeks to recover in this lawsuit.

82. As the direct and proximate result of the Defendants' acts and omissions, Plaintiff suffered damages in an amount to be determined at trial, but in no event is less than two

hundred and seven thousand, six hundred and thirty-nine dollars and thirty-eight cents ($207,639.38).

83. Each of the Defendants bear co-liability because each Defendant was a Hiring Party.

84. Each of the Defendants bears co-liability because the unjust enrichment was received by each of the Defendants and therefore each of the Defendants is personally liable for the repayment.

85. Each of the Defendants also bears co-liability for the unjust enrichment received by the other Defendant because, among other reasons, Defendants were agents, representatives, co-venturers, and otherwise alter-egos of one another.

### AND FOR THE THIRD CAUSE OF ACTION
(Promissory Estoppel)
(Plaintiff against all Defendants)

86. Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully herein.

87. The Defendants made Plaintiff a clear an unambiguous promise that they would make payments to the Plaintiff in the amount of the services actually provided, namely $35.00 for each sample that was collected by the Plaintiff.

88. The Plaintiff reasonably and foreseeably relied on the Defendants' promise when they provided Freelance Work to the Defendants.

89. As the direct and proximate result of the Defendants' acts and omissions, including Defendants' failure to pay for the promises as promised, the Plaintiff suffered damages

in an amount to be determined at trial, but in no event is less than two hundred and seven thousand, six hundred and thirty-nine dollars and thirty-eight cents ($207,639.38).

90. It would be against equity and good conscience to permit the Defendants to retain what the Plaintiff now seeks to recover as a direct and proximate consequence of the Defendants' promises to pay for the services provided by the Plaintiff.

91. Each of the Defendants bear co-liability because each Defendant was a Hiring Party.

92. Each of the Defendants bears co-liability because the promise was made by each of the Defendants and therefore each of the Defendants is personally liable for the promised payment for the services provided.

93. Each of the Defendants bears co-liability for the breach of Promise by the other Defendant because, among other reasons, Defendants were agents, representatives, co-venturers, and otherwise alter-egos of one another.

**AND FOR THE FOURTH CAUSE OF ACTION**
(Account Stated)
(Plaintiff against all Defendants)

94. Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully herein.

95. Plaintiff and Defendants engaged in a transaction for the provision of Freelancer Work for pay.

96. Plaintiff and Defendants agreed to the legitimacy and correctness of the invoice issued by the Plaintiff on April 10, 2023.

97. Defendants did not object to the validity of the invoice and expressly acknowledged its veracity.

98. The Defendants expressly and impliedly promised to pay the amount due to the Plaintiff.

99. The Defendants failed to pay the Plaintiff the Accounts Stated.

100. As the direct and proximate result of the Defendants' acts and omissions, the Plaintiff suffered damages in an amount to be determined at trial, but in no event is less than two hundred and seven thousand, six hundred and thirty-nine dollars and thirty-eight cents ($207,639.38).

101. Each of the Defendants bear co-liability because each Defendant was a Hiring Party.

102. Each of the Defendants bears co-liability because the Account was stated – and not objected to – by any of the Defendants and therefore each of the Defendants is personally liable for the Account Stated.

103. Each of the Defendants bears co-liability for the Account Stated owed by the other Defendant because, among other reasons, Defendants were agents, representatives, co-venturers, and otherwise alter-egos of one another.

## **AND FOR THE FIFTH CAUSE OF ACTION**
(Freelance Isn't Free Act)
(Plaintiff against all Defendants)

104. Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully herein.

105. Freelance Isn't Free Act (FIFA) provides for the amount of damages due to a Plaintiff for causes of action arising from an Freelance Worker relationship. FIFA applies to each and every of the prior causes of action alleged here, and which are delineated in the Prayer for Relief below.

106. To the extent that a separate cause of action must be alleged under the Freelance Isn't Free Act, the Plaintiff respectfully submits as follows:

107. At all times relevant to this Original Complaint, each of the Defendants was a "hiring Party" as defined under § 20-927 of the New York City Administrative Code.

108. At all times relevant to this Original Complaint, Plaintiff was a quintessential "Freelance Worker" as defined under § 20-927 of the New York City Administrative Code.

109. The Parties' entered into an independent contractor contract under which Plaintiff acted a Freelance Worker to the Defendants.

110. Defendants failed to compensate their Freelance Worker the amount due in violation of § 20-929 of the New York City Administrative Code.

111. Defendants required, as a condition of timely payment, that the Plaintiff accept less compensation and on terms less favorable than the amount of the contracted compensation in violation of § 20-929 of the New York City Administrative Code.

112. Defendants threatened, disciplined, harassed, denied further work opportunities, and took other actions to penalize the Plaintiff for attempting to exercise the Plaintiff's rights under the Freelance Isn't Free Act.

113. Defendants threatened, disciplined, harassed, denied further work opportunities, and took other actions to deter the Plaintiff from attempting to exercise the Plaintiff's rights under the Freelance Isn't Free Act.

114. Defendants withheld further work opportunities from the Plaintiff in violation of the Freelance Isn't Free Act.

115. Pursuant to § 20-933(b)(3) Plaintiff is entitled to payment of the invoice in the amount of not less eighty-nine thousand, seven hundred and five United States dollars ($89,705.00), and another eighty-nine thousand, seven hundred and five United States dollars ($89,705.00) for failing to pay.

116. Pursuant to § 20-933(b)(4) Plaintiff is entitled to additional damages for the violations of § 20-930 in the amount of total value of the contract, which will be determined at the trial in this matter

117. Pursuant to § 20-933(a), Plaintiff is entitled to reasonable attorney's fees and costs including but not limited to the cost of filing this lawsuit, legal fees for doing so, the cost of service of process of the Complaint on the Defendants, and the cost of the service of the Complaint on the Authorized Representative of the Director of the Office of Labor Standards.

118. Plaintiff is entitled to statutory interest in the amount of nine percent (9%) from the date that the liability accrued through the date of actual entry of Judgment against the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for Judgment as follows:

A. Awarding Judgment in favor of Plaintiff in the amount of not less than one hundred and eighty-seven thousand, three hundred and ninety-three dollars and eighty-two cents ($187,393.82), which is calculated as follows:

| Line Item | Amount |
|---|---|
| Principal Amount Due to Plaintiffs | $89,705.00 |
| Statutory Damages under § 20-933(b) | $89,705.00 |
| Statutory Interest Due (9%) from April 17, 2023, through the filing of the Original Complaint as June 29, 2023 | $3,229.38 |
| Attorneys' Fees Through Pre-Filing Research, Legal Advice and Outreach, Research and Drafting of lawsuit, filing fee of lawsuit | $25,000.00 |
| Total of some of the Damages | **$207,639.38** |

B. Awarding Plaintiff pre-judgment interest of not less than 9% interest from the date of the filing of this Complaint through the date of entry of final judgment;

C. Awarding Plaintiff post-judgment interest of not less than 9% from the date of the entry of judgment through the date of the actual payment of the Judgment to the Plaintiff in full;

D. Attorneys' Fees and reasonable expenses of suit;

E. Issuing an injunction against the Defendants further violations of the Freelance Isn't Free Act, including but not limited, refusal to provide Plaintiff further work opportunities in retaliation for the filing of this suit;

Case 1:23-cv-04881-AMD-MMH   Document 1   Filed 06/29/23   Page 19 of 19 PageID #: 19

F. Legal and Equitable Relief to which the Plaintiff are entitled; *and*

G. Awarding Plaintiff such other relief as this Court may deem just and proper under the circumstances including legal fees.

**PLAINTIFF RESPECTFULLY
DEMANDS TRIAL BY JURY BY THOSE ISSUES THAT ARE TRIABLE**

Dated: **June 29, 2023**

Respectfully Submitted,

*/s/ Baruch S. Gottesman*

Baruch S. Gottesman, Esq.
New York Bar #4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
bg@gottesmanlegal.com
office: (212) 401-6910
*Counsel for the Plaintiff*