**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SF ENTITIES INC.,**<br><br>                              Plaintiff,<br><br>~ *versus* ~<br><br>**DAVID GAMBURG**; *and*<br>**COVA LABORATORIES LLC**,<br><br>                              Defendants. | **Case No.**   1:23-cv-4881<br><br>**District Judge:** Ann M Donnelly |

Pursuant to the Honorable Court's Order, ECF 51 (Sept. 11, 2025), as updated (unnumbered Docket Entry, Oct. 15, 2025) the Parties respectfully submit this Pre-Trial Statement pursuant to the Individual Practices and Rules, Rule 5(A):

    **i.**   **Caption:**   The full caption of the action

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SF ENTITIES INC.,**<br><br>                              Plaintiff,<br><br>~ *versus* ~<br><br>**DAVID GAMBURG**; *and*<br>**COVA LABORATORIES LLC**,<br><br>                              Defendants. | **Case No.**   1:23-cv-4881<br><br>**District Judge:** Ann M Donnelly |

*Note*: The Honorable Court dismissed the claims against Dr. Gamburg and noted the withdrawal of the Counterclaims in their Memorandum Decision and Order dated Sept. 11, 2025 (ECF 51).

   ii.  **Parties and Counsel:** The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

Plaintiff SF Entities Inc. is represented by:

 Baruch S. Gottesman, Esq.
 GOTTESMAN LEGAL PLLC
 11 Broadway, Suite 615
 New York, NY 10004
 Phone: (212) 401-6910
 Fax: (212) 859-7307
 e-mail: baruchgottesman@gmail.com

Defendant COVA Laboratories Inc. is represented by:

 Lawrence M. Simon, Esq.
 JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.
 589 Eighth Avenue, 21st Floor
 New York, NY 10018
 Phone: (212) 596-7656
 Fax: (212) 221-3061
 e-mail: lsimon@lawjw.com

   iii.  **Jurisdiction**: A brief statement by the plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.

**Plaintiff's statement** –This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of jurisdiction. The Plaintiff is a citizen of New York State and not of any other State; and the Defendant is a citizen of the State of New Jersey and not of any other State.

  In addition, the amount in controversy exceeds $75,000.00.

**Statement by Defendant**: Defendant does not object to the basis for subject matter jurisdiction claimed by the Plaintiff.

  iv. **Claims and Defenses**: A brief summary by each party of the elements of the claims and defenses that party has asserted which remain to be tried, including citations to all statutes relied on.

**Plaintiff asserts** that there remains to be tried the Claims of:

 **(i.)** **Breach of Contract;**

 **(ii.)** **Unjust Enrichment;**

 **(iii.)** **Promissory Estoppel; and**

 **(iv.)** **Account Stated**

by the Plaintiff SF Entities Inc. against the Defendant David Gamburg. These first two claims are based on New York common law.

 **The Plaintiff also asserts** a Statutory claim under the New York City Freelance Isn't Free Act, § 90-927, *et seq.* with respect to the damages that they are entitled for statutory damages (double the amount owed) and legal fees, and the total value of the contract for each act of retaliation.

 **Defendant asserts** while leaving the plaintiff to its proofs, also asserts defenses that plaintiff has unclean hands, plaintiff is a corporation based in Rockland County (rendering the Freelance Act argument meritless), and that defendant fully complied with the contract that forms the basis for this dispute, including defendant validly cancelling said contract under its cancellation provision.

 Defendant denies that any monies are owed to plaintiff and that plaintiff was properly paid under the contract. Defendant asserts that after the valid cancellation of the contract the plaintiff fabricated an invoice in attempt to improperly obtain additional funds, and has invalidly brought this entire action based upon the improper invoice.

      v. **Damages**: A brief statement of the categories and amounts of damages claimed or other relief sought.

Plaintiff asserts that they are entitled to:

| Line Item | Amount |
|---|---|
| Principal Amount Due to Plaintiff | $89,750.00 |
| Statutory Damages under § 20-933(b) | $89,750.00 |
| Statutory Interest Due (9%) from April 17, 2023 through Oct. 24, 2025[1] | $40,743.00[1] |
| Filing Fees and Attorneys' Fees Through End of Trial | $50,000.00 |
| Total (before statutory damages for retaliation) | Not less than $270,243.00 |

[1] Through October 24, 2025

| | |
|---|---|
| Statutory Damages for each Act of Retaliation to be determined by Jury | $169,365 |

      vi. **Jury or Bench Trial:** A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

Both Plaintiff and Defendant state that this matter is to be tried by a jury and consent to having eight (8) jurors, pursuant to Fed. R. Civ. P. 48.

The Parties believe that one full trial day is required for the testimony of: (i.) **Solomon Fraser**, owner of SF Entities Inc.; and (ii.) **David Gamburg**, of COVA Laboratories LLC.

    vii. **Consent to Trial by a Magistrate Judge**: A statement as to whether all parties have consented to trial of the case by a magistrate judge. The statement should not identify which parties have or have not consented.

The Parties have not consented to trial of the case by a Magistrate Judge.

    ix. **Witnesses:** A list of names and addresses of the fact and expert witnesses whose testimony each party will offer during its case in chief, together with a brief narrative of the expected testimony of each witness.

        i. The Plaintiff will directly examine Solomon Fraser, owner of Plaintiff SF Entities Inc.

        ii. The Defendant will directly examine David Gamburg, owner of COVA Laboratories LLC.

The Parties anticipate that subject to the documents to be stipulated as Admitted and the facts to be admitted, the witnesses will require a total of 3-4 hours of testimony each.

    x. **Deposition Testimony:** A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party. (The parties should indicate if the deposition testimony will be offered for impeachment purposes only.)

Plaintiff anticipates that to the extent that it is appropriate, they will offer the Deposition testimony of Dr. David Gamburg taken May 29, 2024 for impeachment and for other appropriate purposes.

xi. **Exhibits:** A list of the exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule should include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal.

**For the Plaintiff: ("Imp. Only" means "for impeachment only").**

| No. | Item | Potential Basis for Objection by the Defendant |
|---|---|---|
| 1 | Filing Receipt | |
| 2 | Certificate of Incorporation of SF Entities Inc. | |
| 3 | EIN Assignment Letter | |
| 4 | e-mail with PDF invoice from Callahead Corp. | |
| 5 | Video of Brooklyn | |
| 6 | Copy of Driver's License expired in 2023 | |
| 7 | Copy of New Driver's License | |
| 8 | Draft Specimen Collection Agreement | |
| 9 | e-mail Signed Agreement | |
| 10 | Nadia e-mail with Testing breakdown | |
| 11 | Suzy e-mail with Testing breakdown | |
| 12 | Nadia Whatsapp chain | |

| | | |
|---|---|---|
| 13 | Wean Hussein Whatsapp chain | |
| 14 | Wean Hussein text message confirming Brooklyn pickup | |
| 15 | January 1, 2023 Invoice | |
| 16 | January 7, 2023 Invoice | |
| 17 | January 9, 2023 Invoice | |
| 18 | January 24, 2023 Invoice | |
| 19 | February 2, 2023 Invoice | |
| 20 | February 13, 2023 Invoice | |
| 21 | Demonstrative Exhibit showing Number of Samples for Each Invoice | |
| 22 | *Imp. Only*<br>Gamburg Deposition and all its Exhibits | |

For the Defendant ("Imp. Only" means "for impeachment only").

| No. | Item | Potential Basis for Objection by the Plaintiff |
|---|---|---|
| A | Contract between the parties | |
| B | Cancellation letter | |
| C | Proof of service of cancellation letter | |
| D | Copies of checks from defendant to plaintiff | |

**SIGNED THIS OCTOBER 24, 2025**

| For Plaintiff | For Defendant |
|---|---|
| *[signature]* <br><br> Baruch S. Gottesman, Esq. <br> GOTTESMAN LEGAL PLLC <br> 11 Broadway, Suite 615 <br> New York, NY 10004 | */Lawrence M Simon/ (by BSG Authorized by e-mail from LMS 10/24/2025 5:22 PM)* <br> Lawrence M. Simon, Esq. <br> JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C. <br> 589 Eighth Avenue, 21st Floor <br> New York, NY 10018 |