UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SF ENTITIES INC.**,

                Plaintiff,

*~ versus ~*

**COVA LABORATORIES LLC**,

                Defendant.

Case No. **1:23-cv-4881**

**PROPOSED JOINT CHARGE TO JURY**

The Parties respectfully and jointly submit this proposed charge. A DOCX format version will be sent by e-mail to chambers as well:

## Instruction 1— First Cause of Action for Breach of Contract

The Plaintiff in this case claimed damages for Breach of Contract. To be entitled to recovery for Breach of Contract, you–the Jury–must determine that the Plaintiff proved each of the following four elements by a preponderance of evidence:

**First**, that a contract existed between SF Entities Inc. and COVA Laboratories LLC.

**Second**, that the Plaintiff SF Entities Inc. performed its obligations under the contract.

**Third**, that the Defendant COVA Laboratories LLC breached the contract by failing to timely pay the Plaintiff as required under the contract.

**Fourth and last**, you must find that the Plaintiff suffered damages.

If you find that the Plaintiff proved all these four elements by a preponderance of evidence, then you must find for the Plaintiff.  If you find that the Plaintiff failed to prove any of these elements, then you must find for the Defendant.

If *and only if* you find for the Plaintiff, you must then determine the amount of money that will fairly and reasonably compensate the Plaintiff for the damages caused by the breach of contract.  The Plaintiff must prove the amount of its damages with reasonable certainty.  The law does not require mathematical precision, but damages may not be based on speculation or guesswork.

**Instruction 2— Second Cause of Action for Promissory Estoppel**

The Plaintiff in this case claims that a contract existed between the Parties.  The Plaintiff claims an alternate theory that even if you do not find a valid enforceable contract governing the Parties' dispute, the Plaintiff is entitled to recovery for Promissory Estoppel.

To be entitled to recovery for Promissory Estoppel, you–the Jury–must determine that the Plaintiff proved each of the following four elements by a preponderance of evidence:

**First**, the Defendant made a clear and unambiguous promise to the Plaintiff?

**Second**, the Plaintiff reasonably relied on that promise;

**Third**, the Defendant breached that promise; and

**Fourth**, the Plaintiff suffered an injury caused by that breach.

You may consider Promissory Estoppel only if you find Plaintiff has not proven an enforceable contract governing the subject matter of the dispute.

If *and only if* you find for the Plaintiff on the alternate theory of Promissory Estoppel, you must then determine the amount of money that will fairly and reasonably compensate Plaintiff for the damages caused by the breach of the Promise.  The Plaintiff must prove the amount of its damages with reasonable certainty.  The law does not require mathematical precision, but damages may not be based on speculation or guesswork.

**Instruction 3 — Freelance Isn't Free Act**

The New York City Freelance Isn't Free Act protects Freelance Workers under certain circumstances. It is referred to as "FIFA", which is what I will call it in these instructions

FIFA defines a "freelance worker" as:

> "any natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation."

FIFA defines a "hiring party" as "any person who retains a freelance worker to provide any service," excluding governments.

FIFA defines unlawful payment practices to include three acts:

**One**: Failure to timely pay compensation under a contract, § 20-929(1).

**Two**: Failure to pay compensation within 30 days after the completion of the freelance worker's services, unless agreed otherwise by contract, § 20-929(2)

**Three**: FIFA also deems it unlawful if "once a freelance worker has commenced performance of the services under the contract, [for] the hiring party" to "require as a condition of timely payment that the freelance worker accept less compensation than the amount of the contracted compensation.", § 20-929(3)

In addition, FIFA prohibits hiring parties from retaliating against freelancers. FIFA provides:

> "No hiring party shall threaten, intimidate, discipline, harass, deny a work opportunity to or discriminate against a freelance worker, or take any other action that penalizes a freelance worker for, or is reasonably likely to deter a freelancer worker from, exercising or attempting to exercise any right guaranteed under this chapter, or from obtaining future work opportunity because the freelance worker has done so." § 20-930

The Freelance Isn't Free Act applies only if it has an impact in New York City.

FIFA does not apply outside of New York City.

Dated: **January 9, 2026**

> Respectfully Submitted
>
> */s/ Baruch S. Gottesman*
>
> Baruch S. Gottesman, Esq.
> GOTTESMAN LEGAL PLLC
> 11 Broadway, Suite 615
> New York, NY 10004
> bg@gottesmanlegal.com
> office: (212) 401-6910
> *Counsel for the Plaintiff*